

Timothy L. BARR, John J. Battaglia, Mark Brown, Chris Ferragonio, Craig P. Fraser, Matt Fraser, Ivan Glenz, Justin Haffey, Steve Hall, Dustin Huff, Joseph A. Kanai, Michael Keally, Stephen E. Kusma, IV, William J. Latuszewski, John Kurt Leitschaft, Bob Masilon, Michael, Matzie, Alexis M. Miller, Joseph A. Musser, Timothy Poland, Brian A. Sales, Matthew J. Temple, Torie Tyson, Jared Unen, Dale A. Valenson, Mark C. Williams, and Amy M. Zimmel, Respondents

v.

**COMMUNITY COLLEGE OF BEAVER COUNTY,**
Petitioner.

Supreme Court of Pennsylvania.

Aug. 3, 2012.

### ORDER

PER CURIAM.

**AND NOW,** this 3rd day of August, 2012, the Petition for Allowance of Appeal is **GRANTED, LIMITED TO** the issue below. Allocatur is **DENIED** as to all remaining issues. The issue, as stated by Petitioner, is:

Whether the Commonwealth Court's reliance on the manner in which the legislature has used "person" within the UTPCPL as the sole means of establishing legislative intent contradicts existing standards of statutory construction and creates new law requiring that a general reference to a "person" shall now be considered to include government entities, contradicting the Pennsylvania Supreme Court's opinion remanding this

matter to consider precisely that standard, requires reversal?

David J. MEYER, Dallas Berry, Charles J. Brown, Jeremy Lee Fox, Martin Gorecki, Anthony J. Hollibaugh, Lisa L. Salyers, Rochell Sykes, Joseph W. Vucick, David L. Wigley, Dennis W. Woodley, Chris Mack, and Tammy Muslo, Respondents

v.

**COMMUNITY COLLEGE OF BEAVER COUNTY,**
Petitioner.

Supreme Court of Pennsylvania.

Aug. 3, 2012.

### ORDER

PER CURIAM.

**AND NOW,** this 3rd day of August, 2012, the Petition for Allowance of Appeal is **GRANTED, LIMITED TO** the issue below. Allocatur is **DENIED** as to all remaining issues. The issue, as stated by Petitioner, is:

Whether the Commonwealth Court's reliance on the manner in which the legislature has used "person" within the UTPCPL as the sole means of establishing legislative intent contradicts existing standards of statutory construction and creates new law requiring that a general reference to a "person" shall now be

considered to include government entities, contradicting the Pennsylvania Supreme Court's opinion remanding this matter to consider precisely that standard, requires reversal?

■

**COMMONWEALTH of Pennsylvania, Respondent,**

v.

**Ian CUNNINGHAM, Petitioner.**

Supreme Court of Pennsylvania.

Aug. 6, 2012.

***ORDER***

PER CURIAM.

**AND NOW,** this 6th day of August, 2012, the Petition for Allowance of Appeal is **GRANTED, LIMITED TO** the following issue:

Did the trial court err in imposing a life sentence without parole for the crime of [second] [d]egree [m]urder?

The parties are **DIRECTED** to address the following related issues:

1. Whether the holding in *Miller v. Alabama* [—— U.S. ——], 132 S.Ct. 2455 [183 L.Ed.2d 407] (2012), that a juvenile convicted of a homicide offense cannot be sentenced to life imprisonment without parole unless there is consideration of mitigating circumstances by a judge or jury,

retroactively applies to an inmate serving such sentence when the inmate has exhausted his direct appeal rights and is proceeding under the Post Conviction Relief Act.

2. If *Miller v. Alabama* [—— U.S. ——], 132 S.Ct. 2455 [183 L.Ed.2d 407] (2012), is determined to have retroactive effect, what is the appropriate remedy under the Pennsylvania Post Conviction Relief Act for a defendant who was sentenced to a mandatory term of life imprisonment without the possibility of parole for a murder committed when the defendant was under the age of eighteen?

Allocatur is **DENIED** as to all remaining issues.

This matter is to be listed for argument at the next scheduled session, with an expedited briefing schedule. Appellant's brief is due August 24, 2012; appellee's brief is due September 7, 2012. No reply briefs will be accepted. Given the expedited schedule, no briefing extensions will be entertained.

■

**COMMONWEALTH of Pennsylvania, Petitioner**

v.

**Ricky Lynn HANN, Deceased Paul Weachter (Bail Bondsman), Respondent.**

Supreme Court of Pennsylvania.

Aug. 6, 2012.